**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL GORRIO** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 23-4366** |
| | : | |
| **CO KEIL, *et al.*** | : | |

**McHUGH, J.** **September 15, 2026**

**MEMORANDUM**

Plaintiff Michael Gorrio, a *pro se* litigant, brought this civil rights action against various correctional officers at SCI Phoenix, where he was incarcerated during the events in question. My predecessor, Judge Pratter, screened and severed Mr. Gorrio's claims at an earlier juncture in the suit, leaving three incidents at issue: two involving medical care, and one involving use of force. Mr. Gorrio raised several claims arising under 42 U.S.C. § 1983 and Pennsylvania state law. On September 12, 2025, I dismissed all claims except for the state law assault and battery claims against Defendant Barretto relating to the alleged use of force incident on June 1, 2023. ECF 47 & 48. On February 25, 2026, I dismissed the prison doctor as a defendant, concluding that Mr. Gorrio's failure to timely opt out of the third-party release included in Wellpath's Chapter 11 reorganization plan barred him from suing the doctor for incidents at the prison. ECF 61 & 62.

All federal claims are dismissed from this case. Defendant Barretto moves to dismiss the remaining state law claims against him, contending that I should decline to exercise supplemental jurisdiction over them. Mr. Gorrio opposes the motion, arguing in favor of keeping those claims here because he raised them in "good faith" and I deemed them "meritorious." ECF 70.

Ordinarily, exercising supplemental jurisdiction over remaining state law claims is a decision left to the district court's discretion unless certain exceptions apply. None apply here.

This is because retaining jurisdiction over the state law claims at this pre-discovery stage of the litigation would not serve judicial economy or convenience, and fairness to the parties is not implicated because Mr. Gorrio still has at least 30 days from the date of this decision to bring these claims in state court. I will therefore decline to exercise supplemental jurisdiction and grant Defendant Barretto's motion, dismissing the state law claims against him without prejudice.

## I. Discussion

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it had original jurisdiction. *See Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). Moreover, where the district court "dismisses the federal claims prior to trial or at the early stages of the litigation, it '*must* decline' to exercise jurisdiction over the state law claims 'unless considerations of judicial economy, convenience, and fairness' justify retaining that jurisdiction." *Talley v. Clark*, 111 F.4th 255, 266 n.6 (3d Cir. 2024) (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)); *see* 28 U.S.C. § 1367(c)(3). None of those exceptions apply in this case.

Here, because the parties have not yet engaged in discovery,[1] and no trial is scheduled, dismissing the state law claims would not impede judicial economy nor would it waste limited judicial resources. Moreover, as to fairness considerations, dismissal does not close the courthouse doors on Mr. Gorrio, given that the statute of limitations governing his state claims was tolled during the pendency of this action and "for a period of 30 days after it is dismissed unless State

[1] This case has been pending for some time, but that is in part a function of the bankruptcy proceedings involving Wellpath, LLC, which employed Dr. Saeed Bazel, one of the medical defendants, *see* ECF 30, multiple extensions of time granted to Mr. Gorrio to respond to various motions, *see* ECF 49, 57, & 68, and Mr. Gorrio's interlocutory appeal, ECF 65.

law provides for a longer tolling period." 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."); *see Hedges v. Musco*, 204 F.3d 109, 123–24 (3d Cir. 2000) (rejecting fairness argument because § 1367(d) ensures that the plaintiff whose supplemental jurisdiction is dismissed has at least thirty days after dismissal to refile in state court).

Because no justification exists to retain jurisdiction over Mr. Gorrio's state law claims, which he may still bring in state court according to § 1367(d), I decline to exercise supplemental jurisdiction. *See, e.g., Leisure v. Dir. of Nursing*, No. 17-4603, 2018 WL 1074080, at *3 (E.D. Pa. Feb. 26, 2018), *aff'd sub nom. Leisure v. Lancaster Cnty. Prison*, 750 F. App'x 89 (3d Cir. 2018) (declining to exercise supplemental jurisdiction over state negligence claim); *Segers v. Williams*, 12 F. Supp. 3d 734, 741 & n.9 (E.D. Pa. 2014) (declining to exercise supplemental jurisdiction over state tort claims). Finally, because Mr. Gorrio did not originally sue in state court, I cannot remand this case, so I will dismiss his state law claims against Defendant Barretto without prejudice so that he may file an action in state court. *See Gallo v. Wash. Cnty.*, No. 08-0504, 2009 WL 274500, at *10 n.8 (W.D. Pa. Feb. 4, 2009), *aff'd*, 363 F. App'x 171 (3d Cir. 2010) ("Because the original complaint was not filed in state court, the Court cannot remand this case. Rather, the Court will dismiss the complaint . . . without prejudice for an action to be filed in state court.").

## II. Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss will be granted. An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge